# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **LOUIS ORLANDO HARMON, #543208,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:15-cv-0753** |
| | ) | |
| **JONATHAN W. TURNER,** | ) | **Judge Trauger** |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Louis Orlando Harmon, an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, has filed a *pro se* complaint against defendant Jonathan W. Turner. (ECF No. 1.) The complaint is before the court for an initial review in accordance with the Prison Litigation Reform Act ("PLRA").

### I.      Standard of Review

Under the PLRA, the court is required to dismiss any *in forma pauperis* or prisoner complaint brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### II.      Factual Allegations

The only defendant named in the complaint is Jonathan W. Turner. The plaintiff does not identify the defendant, but the court takes judicial notice that Jonathan W. Turner is the name of an attorney licensed to practice law in the state of Tennessee and that the plaintiff was represented by Jonathan W. Turner in his underlying state criminal proceedings. *See* Tennessee Courts Appellate Case Search website, April 10, 2015 Notice of Appeal filed by counsel, located at:

http://www2.tncourts.gov/PublicCaseHistory/CaseDetails.aspx?id=63145&Party=True      (last      accessed August 11, 2015). The plaintiff alleges only that the defendant "accepted case no. II-CR027094 and

appellate no. M2015-CCA-R3-CD willingly," that he withdrew from representing the plaintiff, and that his withdrawal harmed the plaintiff by leaving him without counsel[1] and causing him "a lot of confusion" and panic attacks. (ECF No. 1, at 2.) The plaintiff seeks damages in the amount of $25,000. (*Id.*)

## III.    Discussion

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."). The plaintiff has the burden of pleading and providing jurisdiction, *Kokkonen*, 511 U.S. at 377, and the court has "an independent obligation to determine whether subject-matter jurisdiction exists," *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

The plaintiff here does not identify the basis for the court's jurisdiction. However, insofar as the plaintiff's complaint might be construed to assert a claim under state law against defendant Turner for attorney negligence or malpractice, the court lacks jurisdiction over any such claim. Under 28 U.S.C. § 1332, the court may exercise jurisdiction over state-law claims only where the dispute is between citizens of different states and the amount in controversy is greater than $75,000. The plaintiff fails to show that either criterion is met in this instance. The court therefore lacks subject-matter jurisdiction over any state-law claim.

Nor has the plaintiff alleged facts suggesting that his claims arise under federal law. Insofar as he may be attempting to assert a claim against Turner under 42 U.S.C. § 1983, which provides a vehicle for vindicating alleged violations of a plaintiff's federal constitutional rights, the attempt fails. To state a colorable claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the Constitution and laws of the United States and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983. The

---

[1] The court further takes notice that a Williamson County Assistant Public Defender has been appointed to represent the plaintiff in his appeal. *See* Tennessee Courts Appellate Case Search website, August 5, 2015 Motion to Extend Time for Filing Appellant's Brief, filed by counsel, located at: http://www2.tncourts.gov/PublicCaseHistory/CaseDetails.aspx?id=63145&Party=True.

plaintiff cannot establish the first element, because criminal defense attorneys are not considered state actors for purposes of suit under 42 U.S.C. § 1983. *See, e.g.*, *Polk Cnty. v. Dodson*, 454 U.S. 312, 325, (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, regardless of whether the plaintiff might be able to bring a malpractice claim against his attorney in state court, he cannot bring suit against him in federal court for violation of his federal constitutional rights. The court therefore finds that the complaint fails to state a claim under federal law for which relief may be granted.

## IV.    Conclusion

Accordingly, the court finds that the complaint must be dismissed. Any potential state-law claim will be dismissed without prejudice, and any potential federal claim will be dismissed with prejudice. An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge